(No. 4029▉▉▉▉▉▉▉▉▉▉)

Dorsie L. Bohannon, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 12, 1947.*

Paulson, Morgan and Jordan, for Claimant.

George F. Barrett, Attorney General; William L. Morgan, Assistant Attorney General, for Respondent.

Bergstrom, J.

Claimant filed his claim on June 3, 1947 for benefits under the Workmen's Compensation Act as a result of injuries which he received on October 2, 1946 while employed by the Department of Public Welfare at the Elgin State Hospital, Elgin, Illinois.

According to the evidence, claimant was employed as a regular attendant at the Elgin State Hospital and, while in the performance of his duties on October 2, 1946 he slipped and fell down a flight of stairs, causing injuries to his shoulder and hip. He was immediately hospitalized in the Infirmary, which is part of the Elgin State Hospital, and was confined there three weeks for treatment. He was treated by Dr. Manuel Schreiber who

is employed at the hospital and also by Dr. Frederick
Schurmeier who is a practising physician in the City of
Elgin, who, in turn, turned him over to Dr. Lyman Smith.
Claimant further testified that he was 59 years old, had
no wife or children, and that he has been unable to work
since the date of his injury.

At the time of the accident claimant and respondent
were operating under the provisions of the Workmen's
Compensation Act. Notice of the accident and claim
for compensation were made within the time provided
in the Act, and we find that the accident arose out of and
in the course of claimant's employment.

Claimant makes claim for permanent total disability.
The burden of proof is upon claimant, and an award
must be based on facts and inferences reasonably drawn
from facts proved by the evidence. Claimant's own phy-
sician, Dr. Lyman Smith, testified that in his opinion,
as a result of the accident, claimant has a 75% loss of
the use of his right arm and a 5% loss of the use of his
right leg because of the above injury. He also testified
that the shoulder injury could probably be corrected by
surgery. The Court is unable to conclude from the med-
ical testimony and the evidence in the record that claim-
ant is entitled to an award based on his total permanent
disability, but finds from the evidence that claimant is
entitled to an award based on 75% loss of the use of his
right arm and 5% loss of the use of his right leg.

Claimant's annual earnings were $1,643.03, so his
weekly compensation rate would be $15.00, which must
be increased 20%, the accident having occurred after
July 1, 1945, making his weekly compensation rate $18.00.
He is, therefore, entitled to an award for temporary total
incapacity for 64 weeks at $18.00 per week or $1,152.00,
168¾ weeks at $18.00 per week or $3,037.50, for 75% loss

of the use of his right arm; and 9½ weeks at $18.00 per week or $171.00 for 5% loss of the use of his right leg; which makes a total of $4,360.50, from which must be deducted the sum of $687.28 paid to claimant for unproductive time, leaving a balance of $3,673.22.

An award is therefore made in favor of claimant, Dorsie L. Bohannon, in the amount of $3,673.22, to be paid to him as follows:

$ 356.72 which has accrued, is payable forthwith;
$3,316.50 payable in weekly installments of $18.00 beginning November 21, 1947 for a period of 184 weeks, with a final payment of $4.50.

Gertrude E. Stover of Elgin, Illinois, was employed to take and transcribe the evidence in this case, and has rendered a bill in the amount of $18.00. The Court finds that the amount charged is fair, reasonable and customary, and that said claim be, and is, hereby allowed.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."